# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:18CV121-FDW-DSC

| | |
|---|---|
| ANTONIO BILOTTA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　)<br>　　vs. 　　　　　　　)<br>　　　　　　　　　　)<br>NANCY A. BERRYHILL,[1] )<br>Commissioner of Social )<br>Security Administration, )<br>　　　　Defendant. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #16), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Plaintiff filed the present action on August 1, 2018. He assigns error to the Administrative Law Judge's formulation of his Residual Functional Capacity.[2] See Plaintiff's "Memorandum ..." at 8-12, 16-24 (document #13); "Plaintiff's Response at 1-5 (document #18). Plaintiff also contends that the ALJ failed to resolve an apparent conflict between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"). Id. at 12-16; 2-3.

The ALJ found that Plaintiff retained the RFC to perform medium work[3] with limitations to only occasional kneeling, crouching, crawling, or climbing ladders, ropes or scaffolds. (Tr. 17).

Based upon a hypothetical that factored in those limitations, the V.E. testified that Plaintiff could not perform his past work as a tile setter. (Tr. 20). The V.E. also testified that Plaintiff could perform medium work as a cleaner II (DOT number 919.687.014, SVP 1, 90,000 jobs available nationally), dining room attendant (DOT number 311.677.018, SVP 2, 60,000 jobs available nationally), counter supply worker (DOT number 319.687.010, SVP 2, 70,000 jobs available nationally), and laundry laborer (DOT number 361.687.018, SVP 2, 50,000 jobs available nationally). (Tr. 61-62). The ALJ also asked the V.E. which of those jobs would be available if Plaintiff was limited to simple, routine repetitive tasks, occasional decision making and duties "with no requirement to read or write in English." The V.E. identified the cleaner II, dining room attendant and laundry laborer jobs. (Tr. 62). The V.E. then stated that her testimony was consistent with the DOT. (Tr. 63). She clarified that although the DOT did not specifically require the ability

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

2

to read or write in English, her testimony assumed that English was implied. Id. In her decision, the ALJ specifically found that while illiteracy "is not included in [Plaintiff's] residual functional capacity… the jobs cited by the [V.E.] can be done without the ability to read and write in English." (Tr. 20).

Accordingly, the ALJ concluded that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 21).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes prior to his date last insured of December 31, 2010.

Plaintiff challenges the ALJ's determination of his RFC.  The ALJ is solely responsible for assessing a claimant's RFC.  20 C.F.R. §§ 404.1546(c) & 416.946(c).  In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.  SSR96-8p, available at 1996 WL 374184, at *2.  The ALJ must also

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

"include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea

v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The ALJ discussed Plaintiff's testimony about problems with his right knee during the period at issue (Tr. 17, 44, 48, 52). The ALJ noted objective evidence confirming a tear of the lateral meniscus and a cyst prior to the period at issue. (Tr. 18, 477). But Plaintiff was doing well with only occasional complaints of right knee discomfort following surgery in 2007. (Tr. 18, 492). The ALJ also discussed Plaintiff's complaints of right knee pain during the period at issue and thereafter, but noted that he was treated intermittently and conservatively with injections and medication. (Tr. 18, 543–44, 566, 575)). This is consistent with an x-ray in 2010 showing only "some degenerative arthritic changes." (Tr. 18, Tr. 543). Dr. Aregai Girmay evaluated Plaintiff consultatively in late 2009. (Tr. 18-19, 522-525). Dr. Girmay found that Plaintiff demonstrated decreased flexion in his knees and diminished power in his upper and lower extremities. (Tr. 522, 525). He did have normal gait, pulses, and reflexes; did not require an assistive device; and could walk one hundred feet without difficulty. (Tr. 525). Dr. Girmay reported that Plaintiff's symptoms were consistent with osteoarthritis and found a mild to moderate limitation. Id.

The ALJ further noted that two State agency medical consultants concluded that Plaintiff's osteoarthritis failed to meet or medically equal the severity of any listed impairment. (Tr. 16, Tr. 134, 149). They also opined that he was capable of performing a reduced range of medium work during the period at issue. (Tr. 135–36, 150–51).

Substantial evidence supports the ALJ's essential conclusion that Plaintiff could have performed a reduced range of medium work during the period at issue. The ALJ stated that Plaintiff

6

was limited by his right knee impairment, consistent with his reports that kneeling was painful. (Tr. 18–19, 523)). But as the ALJ explained, the evidence did not establish any further limitation. See 20 C.F.R. § 404.1512(c) ("In general, you have to prove to us that you are blind or disabled."). Plaintiff argues that the ALJ failed to consider his obesity. Plaintiff produced no evidence establishing any actual functional limitation caused by obesity. As SSR 02-1p explains, the ALJ "will not make assumptions about the severity or functional effects of obesity combined with other impairments." 2002 WL 34686281, at *6 (Sept. 12, 2002); see also Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (explaining that "[t]here must be a showing of related functional loss").

Plaintiff assigns error to the ALJ's conclusion that he had a marginal education as opposed to being illiterate. The ALJ specifically found that Plaintiff is not illiterate (Tr. 20). This is consistent with Plaintiff's report, submitted with his initial Application, where he affirmed his ability to read and understand English. (Tr. 389). Although there is evidence to the contrary, (Tr. 516–20), the Court's role is not to re-weigh the evidence but rather to determine whether the ALJ's finding meets the modest standard for substantial evidence. See Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting 42 U.S.C. § 405(g)) ("[T]he threshold for such evidentiary sufficiency is not high"); Joines v. Colvin, No. 3:14-CV-00396-MOC, 2015 WL 1249579, at *10 (W.D.N.C. Mar. 18, 2015) (ALJ's finding was supported where claimant reported formal schooling and stated in a disability report that he was able to read and understand English and write more than his name in English despite testifying to the contrary). Moreover, as the ALJ expressly stated, the jobs the V.E. identified at Step Five do not require the ability to read or write and any error was harmless.

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving an apparent conflict with the DOT. Plaintiff argues that there is an unresolved conflict

7

between his claimed illiteracy and the DOT definitions of the jobs identified by the V.E.  Plaintiff contends that the DOT classifies each job identified by the V.E. as GED:L1, requiring the ability to "[r]ecognize [the] meaning of 2,500 two-or-three syllable words. Read at a rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers."

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT.  Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT.  Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Here, the ALJ properly relied on the V.E.'s testimony. The ALJ asked the V.E. which of the medium level jobs she identified would be available if Plaintiff was limited to jobs "with no requirement to read or write in English." The V.E. identified the cleaner II, dining room attendant and laundry laborer jobs.  (Tr. 62).  The V.E. then stated that her testimony was consistent with the DOT. (Tr. 63).  She clarified that although the DOT did not specifically include the ability to read or write in English, her testimony assumed that English was implied.  Id.   In her hearing

8

decision, the ALJ specifically stated that although illiteracy "is not included in [Plaintiff's] residual functional capacity… the jobs cited by the [V.E.] can be done without the ability to read and write in English." (Tr. 20).

There is no apparent conflict and the ALJ's Step Five analysis was proper.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and her ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #16) be **GRANTED**; and the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections

to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: June 24, 2019

David S. Cayer
United States Magistrate Judge